Samuels, J.
This is a suit brought by Thamer in forma pauperis for the recovery of her freedom against John W. Forward; and this defendant dying, the suit was revived against his administrator. The jury empanneled for the trial of the cause found in a special verdict, that Arthur R. Savage was the owner of Thamer as his slave ; that being the owner, he did on the 27th of November 1836, make and publish his last will and testament in due form of law, and died leaving it in full force, and that it was admitted to probat in February 1837. The will is set forth at large in the verdict, and (amongst other things) contains this clause : “I emancipate and set free all my negroes at the following dates, hereafter mentioned, *538 provided they shall remove and leave the state of Virwithin six months after they shall go free ; but they do not remove and leave the state aforesaid within the six months, then and in that case to become s^aves my estate forever; and provided also that the laws of the state shall so require them to leave it: Toby and Isaac to go free the 1st day of January 1842; Leah and Margaret to go free the 1st day of January 1842; Thamer and Charlotte to go free the 1st day of January 1844.” The clause proceeds to emancipate different slaves at different periods, down to the 1st of J anuary 1871. The j ury further find that on the 1st day of J anuary 1844, Thamer had attained her full age of 21 years; that she is the same Thamer named in the will; that she was duly registered as a free person with the assent of the executor, and free papers granted to her on the 14th July 1845, and that a copy of the instrument of emancipation was delivered to her by the executor. It is further found that Thamer continued to reside in the county of Northampton in this state from the death of her master until the 29th October 1847, and that she had never been out of the state of Virginia. That on the 29th of October 1847, Lewis D. Heath, surviving executor of Savage, took, possession of Thamer and sold her to John W. Forward, who had her until his death; and that the defendant now detains her in slavery, claiming her as administrator. The jury find that the sale of Thamer was not made for the payment of Savage’s debts.
On tins verdict the court gave j udgment for the plaintiff below, which judgment is brought here for revision. The statute 1 Rev. Code, p. 433, § 53, authorizes an owner to emancipate his slave by last will and testament ; and the decisions of this court upon the construction of this statute, have clearly settled that it allows a prospective emancipation. Adhering to this *539 construction, it must be held that after the 1st of January 1844, Thamer was entitled to her freedom for the period of six months at least; for she was that time within which to comply with the conditions imposed, if bound to comply at all. The conditions having for their object the defeasance of the grant of freedom, are in their nature, conditions subsequent. If the law of Virginia did not require Thamer to leavé the state in six months after she “ should go free,” or if the law should require her to leave, and she did leave, there was no forfeiture of her freedom. It might be sufficient to justify an affirmance of this judgment, that the law did not require the freed woman to leave the state in six months, but that she had twelve months in which to leave. Another reason for affirmance is found in the repugnancy between the grant of freedom, and the conditions annexed. It was within the power of the testator, either to keep his slaves in a state of slavery, or to emancipate them. If he had bequeathed them as slaves, he could annex no valid condition subsequent, which would be repugnant to the state of slavery. Peggy and Mary v. Legg, 6 Munf. 229; Rucker's adm'r v. Gilbert, 3 Leigh 8; Wynn v. Carrell, 2 Gratt. 227. So if he emancipated them, he could annex no condition subsequent, repugnant to the freedom conferred. Parks v. Hewlett, 9 Leigh, 511; Judge Green’s opinion in Isaac v. West's ex'or, 6 Rand. 652; Fulton v. Shaw, 4 Rand. 597; Commonwealth v. Fowler, 4 Call 35.
If these conditions be valid, then the emancipation of slaves may be defeated by other subsequent conditions ; service may be required at the hands of the freed man, and made the tenure by which he holds his freedom. They may be free to-day, slaves to-morrow, and free again next day, if the owner shall so direct. This would introduce a new state in which our negro *540 population may be placed, and it would be in conflict with the plain purpose of the statute.
I am of opinion to affirm the judgment.
Allen, Moncure and Lee, Js. concurred in the opinion of Samuels, J.
Daniel, J. dissented.